KATHY CIPOLLA * NO. 2019-CA-0509

VERSUS * COURT OF APPEAL

COX COMMUNICATIONS * FOURTH CIRCUIT
LOUISIANA, LLC, ABC
INSURANCE COMPANY, 1844, * STATE OF LOUISIANA
LLC AND XYZ INSURANCE
COMPANY *

*

* * * * * * *


**LEDET, J., CONCURRING WITH REASONS**

Although I agree with the majority's ultimate determination affirming the trial court's decision, I disagree with the majority's decision that a *de novo* review is warranted. As the majority correctly observes, the governing principle for establishing the standard of review is as follows:

> [A] *de novo* review should not be undertaken for every evidentiary exclusion error. Rather, a *de novo* review should be limited to consequential errors; that is, the error prejudiced or tainted the trial court's finding with regard to a material factual issue.
>
> In some cases, a preliminary *de novo* review can be limited to a determination of the impact of the excluded evidence on the overall findings. If it is clear from the initial limited *de novo* review that the excluded evidence could not have permissibly changed the ultimate findings of the trial of fact, the judgment should not be vacated and reviewed *de novo*. In the absence of a tainted fact-finding process, the trial court's ultimate findings are subject only to a manifest error review.

*Joseph v. Williams*, 12-0675, p. 22 (La. App. 4 Cir. 11/14/12), 105 So.3d 207, 221 (quoting *Walley v. Vargas*, 12-0022, p. 10 (La. App. 1 Cir. 9/21/12), 104 So.3d 93, 101)(internal citations omitted).

Assuming the trial court erred in excluding the requests for admission from evidence at trial, the trial court's error was not consequential. An initial limited *de novo* review of the excluded evidence—the requests for admission—reveals that it would not have changed the ultimate findings of the trier of fact. The requests for

1

admission established only Cox's ownership of the vault. As the majority recognizes, the record is devoid of any evidence establishing "why the vault collapsed or what defect allegedly existed." Resort to a *de novo* review of the record in this case is thus unwarranted. Applying a manifest error standard of review, I would affirm.

For these reasons, I respectfully concur.